

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2008

# Seibel v. Marketplace Direct

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Seibel v. Marketplace Direct" (2008). *2008 Decisions.* Paper 1317.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.07-2003

_____

WILLIAM E. SEIBEL,

v.

MARKETPLACE DIRECT, INC.

_____

On Appeal from the
United States District Court
For the Western District of Pennsylvania
Honorable David Stewart Cercone

No.05-CV-00684

_____

Submitted Under Third Circuit LAR 34.1 (a)
March 24, 2008

Before:  McKEE, RENDELL and TASHIMA[*], Circuit Judges

(Opinion Filed: April 28, 2008)

---

[*]Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

_____

OPINION

McKee, <u>Circuit Judge</u>

Appellant William E. Seibel appeals the district court's grant of summary judgment in favor of Marketplace Direct Inc. based on the court's conclusion that Seibel failed to establish that the employer's stated reasons for terminating him were a pretext for illegal age discrimination. For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, we need not discuss the facts or procedural history of this case. The ADEA prohibits employers from discriminating against individuals in hiring, termination, compensation, or conditions of employment on the basis of age. 29 U.S.C. § 623 (a)(1). In order to establish a claim under the ADEA, Seibel must first establish that: 1) that he is over 40 years of age; 2) qualified for the position in question; 3) suffered an adverse employment decision; and 4) was replaced by a person whose relative youth creates an inference of job discrimination. *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc). Seibel established a *prima facie* case.

2

The burden thus shifted to the employer to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 522 (3d Cir. 1992). Once the employer produced such evidence, the burden shifted back to Seibel to provide sufficient evidence to allow a fact-finder to either reject the employer's nondiscriminatory explanation, or believe that an individious discriminatory reason was more likely than not a motivating cause of the employee's discharge ("pretext"). *Fuentes v. Perskie*, 32 F.3d 759, 763-64 (3d Cir. 1994).

Here, Marketplace Directs claims that Seibel failed to properly perform his work, did not complete tasks in a timely fashion, and refused to assist several employees with computer problems. We agree with the district court's conclusion that Seibel did not then produce sufficient evidence of a pretext for age discrimination. Therefore, he does not meet his burden and summary judgment is appropriate.

III.

For the reasons above, we will affirm the district court's order granting Appellees summary judgment motion.